FOR PUBLICATION

```
             DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN
                       APPELLATE DIVISION
```

CARL CHARLESWELL,                )
                                 )
              Appellant,         )
                                 )
                                 )
       v.                        ) D.C. Crim. App. No. 2006-28
                                 ) Super. Ct. No. ST-04-CR-423
PEOPLE OF THE VIRGIN ISLANDS,    )
                                 )
              Appellee.          )
_____)

On Appeal from the Superior Court of the Virgin Islands,
        the Honorable Leon A. Kendall presiding.

               Considered: March 5, 2010
                Filed: November 5, 2013


BEFORE: **CURTIS V. GÓMEZ,** Chief Judge of the District Court of
the Virgin Islands and **RAYMOND L. FINCH,** Judge of the District
Court of the Virgin Islands.[1]

ATTORNEYS:

**Treston E. Moore, Esq.**
Moore, Dodson & Russell, P.C.
St. Thomas, VI
         *For the Appellant.*

**Richard S. Davis, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
         *For the Appellee.*

MEMORANDUM OPINION

---

[1] While Judge Julio A. Brady, of the Superior Court of the Virgin Islands, sat on the panel that considered this matter, he retired before the decision was issued.

Case: 3:06-cr-00028-CRA-GWB   Document #: 21   Filed: 01/05/13   Page 2 of 16

*Charleswell v. People of the Virgin Islands*
Crim. App. No. 2006-28
Memorandum Opinion
Page 2

**Per curiam,**

Appellant Carl Charleswell ("Charleswell") appeals his conviction in the Superior Court for two counts of aggravated assault and an additional count of disturbing the peace. For the reasons stated below, the Court will affirm Charleswell's conviction for disturbing the peace, but will vacate the convictions for aggravated assault.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of October 30, 2004, Lucita Francis ("Francis") was asleep in the home of her mutual friend, Merlyn Petty ("Petty"). Francis was awakened suddenly by a slap to her face. Francis saw Carl Charleswell standing over her, his face less than a foot away from hers, screaming and cursing loudly. Francis got out of bed. Charleswell then pushed Francis out of the room. As Francis left the room, Charleswell kicked Francis in the left shoulder. Charleswell then proceeded to follow Francis throughout the house while he yelled at her.

Francis reported the incident to the Virgin Islands Police Department. On November 26, 2004, a complaint was filed against Charleswell in the Superior Court. The complaint charged Charleswell with two counts of aggravated assault, in violation of Section 298(5) of Title 14 of the Virgin Islands Code ("section 298(5)") and one count of disturbing the peace, in

Case: 3:06-cr-00028-CRA-GWB   Document #: 21   Filed: 01/05/13   Page 3 of 16

*Charleswell v. People of the Virgin Islands*
Crim. App. No. 2006-28
Memorandum Opinion
Page 3

violation of Section 622(1) of Title 14 of the Virgin Islands Code ("section 622(1)").

Trial commenced on February 22, 2006. Following the presentation of the People's case, Charleswell moved for a judgment of acquittal, which was denied. (J.A. 84-94.) Charleswell renewed the motion following the presentation of his defense. The motion was again denied. (J.A. 112-94.) Charleswell was convicted of all counts.

On appeal, Charleswell raises two main issues: (1) that the Superior Court erred in denying his motion for judgment of acquittal; and (2) that the aggravated assault and disturbing the peace statutes are unconstitutional.

## II. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction to review criminal judgments and orders of the Superior Court in cases in which the defendant has been convicted, and has not entered a guilty plea. *See* V.I. CODE ANN. tit. 4, § 33 (2006); Revised Organic Act of 1984, 28 U.S.C. § 1613(a) (2006).

### B. Standard of Review

#### 1. Judgment of Acquittal

The standard used by an appellate court when reviewing whether the trial court properly ruled on a motion for a judgment of acquittal is the same as applied to the trial court.

Case: 3:06-cr-00028-CRA-GWB   Document #: 21   Filed: 01/05/13   Page 4 of 16

*Charleswell v. People of the Virgin Islands*
Crim. App. No. 2006-28
Memorandum Opinion
Page 4

The court of appeals views the evidence in the light most favorable to the Government and presumes that the trial court properly evaluated the credibility of the witnesses, found the facts, and drew rational inferences. *United States v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992). A motion for judgment as a matter of law should be "granted only if viewing all the evidence which has been tendered and should have been admitted in the light most favorable to the party opposing the motion, no jury could decide in that party's favor." *Walter v. Holiday Inns, Inc.*, 985 F.2d 1232, 1238 (3d Cir. 1993).

### 2. Constitutionality of a Statute

The standard of review for questions of law is plenary. *Louis W. Epstein Family Partnership v. KMart Corp.*, 13 F.3d 762, 765 (3d Cir. 1994).

### III. ANALYSIS

#### A.   Constitutionality of the Aggravated Assault Statute

Charleswell argues that the aggravated assault statute is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment. He claims that the use of gender as an element of "enhancement" cannot be justified as required under the Constitution.

Section 298(5) escalates simple assault and battery to an aggravated assault and battery where the assault and battery is perpetrated by an adult male against an adult female. V.I. CODE

Case: 3:06-cr-00028-CRA-GWB Document #: 21 Filed: 01/05/13 Page 5 of 16

*Charleswell v. People of the Virgin Islands*
Crim. App. No. 2006-28
Memorandum Opinion
Page 5

ANN., tit. 14, § 298(5); *Simmonds v. Virgin Islands*, 55 V.I. 1069, 2011 WL 3290200, at *2 (D.V.I. App. Div. July 29, 2011). "The statute does not, however, graduate simple assault to aggravated assault when an adult male perpetrates the offense against another adult male or if an adult female perpetrates the offense against another adult female." *Simmonds*, 2011 WL 3290200, at *2; see V.I. CODE ANN., tit. 14, § 298(5). As such, men and women are treated differently under the statute.

The Fourteenth Amendment to the United States Constitution provides in relevant part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV.[2]

Though the Fourteenth Amendment is a safeguard against unequal treatment and discrimination, it "does not demand that a statute necessarily apply equally to all persons." *Rinaldi v. Yeager*, 304 U.S. 305, 309 (1966). Rather, where a statute makes gender classifications, those classifications are subject to intermediate scrutiny. *Hynson v. Chester*, 864 F.2d 1026, 1029 (3d Cir. 1988).

---

[2] The Equal Protection Clause of the 14th Amendment is made applicable to the Virgin Islands in the Revised Organic Act of 1954, § 3.

Case: 3:06-cr-00028-CRA-GWB   Document #: 21   Filed: 01/05/13   Page 6 of 16

*Charleswell v. People of the Virgin Islands*
Crim. App. No. 2006-28
Memorandum Opinion
Page 6

To survive intermediate scrutiny, the burden is on the Government to demonstrate that "the [challenged] classification serves important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." *U.S. v. Virginia*, 518 U.S. 515, 533 (1996)(internal quotations omitted). The "burden of justification is demanding." *Id*. This burden is particularly important for the government to bear, because, as the Supreme Court has held, "[l]egislative classifications which distribute the benefits and burdens on the basis of gender carry the inherent risk of reinforcing the stereotypes about the 'proper place' of women and their need for special protection." *Id*. at 283.

Where Section 298(5) is concerned, the Government has not met its threshold burden of asserting a legitimate or important state objective. The Government seeks to characterize the gender classification as one designed to address the prevalence of gender-based domestic violence in the Territory and the legislature's purported judgment, based on the "general disparity in physical stature between men and women," that women require greater protection. (Appellee's Brief, p. 5.)

However, the Court is unable to locate any statutory text or legislative history that articulates either of the Government's proposed rationales. Indeed, the statute at issue

Case: 3:06-cr-00028-CRA-GWB   Document #: 21   Filed: 01/05/13   Page 7 of 16

*Charleswell v. People of the Virgin Islands*
Crim. App. No. 2006-28
Memorandum Opinion
Page 7

does not articulate any objective at all. *See* V.I. CODE ANN. tit. 14, § 298(5). Notably, the Government does not indicate that any such text or legislative history exists which supports either justification for Section 298(5).

The Supreme Court has stated that justifications offered in support of gender-based classifications "must be genuine, not hypothesized or invented *post hoc* in response to litigation." *Virginia*, 518 U.S. at 533. They cannot rest "on overbroad generalizations about the different talents, capacities, or preferences of males and females." *Id*. "'Benign' justifications proffered in defense of categorical exclusions will not be accepted automatically; a tenable justification must describe actual [governmental] purposes, not rationalizations for actions in fact differently grounded." *Id*. at 535-36.

In this instance, nothing on the record indicates that curbing gender-based domestic violence is the statute's actual goal, or that penalizing male batterers more harshly than female batterers is a legitimate state objective. The Government has simply made the blanket assertion that the statute is justified by the legislature's possible goal, not shown to be articulated anywhere, of deterring gender-based domestic violence.

The Superior Court has also had an opportunity to consider the Constitutionality of Section 298(5) as of late. In *People v. Simmonds*, 58 V.I. 3, 2012 WL 2550958 (Super. Ct. June 11,

Case: 3:06-cr-00028-CRA-GWB   Document #: 21   Filed: 01/05/13   Page 8 of 16

*Charleswell v. People of the Virgin Islands*
Crim. App. No. 2006-28
Memorandum Opinion
Page 8

2012), the presiding judge in the Superior Court, in a commendably thorough opinion examining the history of Section 298(5), found that the Government was unable to show that the purported justification of domestic violence was sufficient to meet intermediate scrutiny. *People v. Simmonds*, 58 V.I. 3, 2012 WL 2550958, at *12-16 (Super. Ct. June 11, 2012). In so finding, the Superior Court stated that "the People have not shown how the gender-based classification employed in the Virgin Islands aggravated assault and battery statute was enacted with the goal of discouraging and eliminating domestic violence." *Id.* at *14.

In another opinion, examining the intent behind Section 298(5), *People v. McGowen*, 56 V.I. 3, 2012 WL 219406 (Super. Ct. Jan. 11, 2012), the Superior Court found that the provisions of the Virgin Islands Code did not support a finding that Section 298(5) was enacted to address domestic violence. *People v. McGowen*, 56 V.I. 3, 2012 WL 219406, at *6-7 (Super. Ct. Jan. 11, 2012). In fact, the Superior Court found that where the legislature had intended to protect domestic violence victims, it had done so unequivocally and using gender-neutral terminology. *See id.* at *7 (stating that the preamble the Government relied on for support in its 298(5) argument was from another statute, one intended to address domestic violence, but that in any event it was gender-neutral.)

Case: 3:06-cr-00028-CRA-GWB  Document #: 21  Filed: 01/05/13  Page 9 of 16

*Charleswell v. People of the Virgin Islands*
Crim. App. No. 2006-28
Memorandum Opinion
Page 9

Similarly, in this case, the Court is unable to find anything on the face of the statute or in its legislative history that indicates domestic violence was the rationale for its passage, and the Government does not indicate that any such support exists. Thus, like the Superior Court in *McGowen* and *Simmonds*, we are not convinced that the statute at issue is designed to deter domestic violence. *See Simmonds*, 2012 WL 2550958, at *14; *McGowan*, 2012 WL 219406, at *9.

Indeed, the Virgin Islands has codified several civil and criminal statutes that do speak directly to deterring domestic violence in the territory. *See* Remedies for Domestic Violence, *codified as amended*, at V.I. CODE ANN. tit 16, §§ 90-99d. However, nothing in the legislative history or statutory scheme of the Virgin Islands aggravated assault statute, Section 298(5), expressly speaks to domestic violence. Rather, the statute on its face links adults of the male gender with escalated assault punishment for assault and battery upon adult females, and provides little cognizable justification on its face, or in its history, for this discriminatory design.

The Government's argument that Section 298(5) is justified on the basis of the legislature's purported determination that women require more protection because of the "general disparity in physical stature between men and women" is even less persuasive. The Supreme Court has previously stated that

Case: 3:06-cr-00028-CRA-GWB Document #: 21 Filed: 01/05/13 Page 10 of 16

*Charleswell v. People of the Virgin Islands*
Crim. App. No. 2006-28
Memorandum Opinion
Page 10

generalizations about the capacities of males and females are not acceptable justifications for gender-based classifications. *Virginia*, 518 U.S. at 533 ("[Justification] must not rely on overbroad generalizations about the different talents, capacities, or preferences of males and females.").

While we recognize that the applicable test is not simply whether the statute is narrowly tailored, the Court notes that if the statute was designed to protect the physically weak from the physically strong, the Virgin Islands Legislature could have accomplished this objective through gender-neutral aggravators that would have addressed physical disparity between the genders when such disparity existed. See e.g., V.I. Code Ann. tit. 14, § 298(4) (enhancing simple assault to aggravated assault when the perpetrator is "a person of robust health, [assaulting] one who is aged or decrepit"); *see also Orr v. Orr*, 440 U.S. 268, 283 ("Where, as here, the State's compensatory and ameliorative purposes are as well served by a gender-neutral classification as one that gender classifies and therefore carries with it the baggage of sexual stereotypes, the State cannot be permitted to classify on the basis of sex.")

In sum, the Government has failed to meet its burden of articulating a legitimate territorial objective for the gender specific aggravator employed in Section 298(5). *See Michael M. v. Superior Court of Sonoma Cnty.*, 450 U.S. 464, 470 (courts may

Case: 3:06-cr-00028-CRA-GWB Document #: 21 Filed: 01/05/13 Page 11 of 16

*Charleswell v. People of the Virgin Islands*
Crim. App. No. 2006-28
Memorandum Opinion
Page 11

reject the State's asserted reason for the enactment of a statute). The Government falls short of demonstrating that the Virgin Islands aggravated assault statute's gender classification is substantially related to a legitimate objective. The statute, accordingly, fails intermediate scrutiny and violates the Equal Protection Clause.

Because Section 298(5) is unconstitutional, we will vacate Charleswell's judgment of conviction and sentence with regard to that statute, and we will remand for the Superior Court to impose a judgment of conviction and sentence that reflects the lesser-included offense of simple assault and battery, unattended by any circumstance of aggravation. *See, e.g., McGowan*, 2012 WL 219406, at *10 (striking down the gender-based aggravating factor and reducing the count by operation of law to simple assault and battery).

## B. Constitutionality of Disturbing the Peace Statute

Charleswell argues that Section 622(1) is unconstitutional on its face and as applied to his conduct. The Third Circuit has made it clear that courts

> [a]s a general matter . . . "will not invalidate a statute on its face simply because it *may* be applied unconstitutionally, but only if it *cannot* be applied consistently with the Constitution." Thus, [a] facial challenge will succeed only if the statute in question "is unconstitutional in every conceivable application, or . . . it seeks to prohibit such a broad range of conduct that it is constitutionally 'overbroad.'"

Charleswell v. People of the Virgin Islands
Crim. App. No. 2006-28
Memorandum Opinion
Page 12

Brown v. City of Pittsburgh, 586 F.3d 263, 269 (3d Cir. 2009) (quoting Hohe v. Casey, 956 F.2d 399, 404 (3d Cir. 1992) (quoting Robinson v. New Jersey, 806 F.2d 442, 446 (3d Cir. 1986); Members of the City Council v. Taxpayers for Vincent, 466 U.S. 789, 796 (1984)).

More recently, the Supreme Court has suggested a more lenient approach is appropriate. See generally Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442 (2008). Nonetheless, under Washington State Grange, "a facial challenge must fail where the statute has a plainly legitimate sweep." Id. at 449; see also Brown, 586 F.3d at 269 (noting that the bar set by Washington State Grange is only "slightly lower" than that set previously); McCullen v. Coakley, 571 F.3d 167, 174 (1st Cir. 2009) ("Howsoever worded, this standard imposes a very heavy burden on a party who mounts a facial challenge to a state statute.").

The disturbing the peace statute provides, in relevant part:

> Whoever maliciously and willfully . . . disturbs the peace or quiet of any village, town, neighborhood or person, by loud or unusual noise, or by tumultuous offensive conduct, or threatening, traducing, quarreling, challenging to fight or fighting . . . shall be fined not more than $100 or imprisoned not more than 90 days, or both.

V.I. CODE ANN. tit. 14, § 622(1) (2012).

Case: 3:06-cr-00028-CRA-GWB Document #: 21 Filed: 01/05/13 Page 13 of 16

*Charleswell v. People of the Virgin Islands*
Crim. App. No. 2006-28
Memorandum Opinion
Page 13

Charleswell first argues that Section 622(1) is unconstitutionally vague. A statute is not unconstitutionally vague so long as the statutory words "'provide explicit standards for those who apply them' and 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited.'" *McConnell v. FEC*, 540 U.S. 93, 170 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972)). Notably, "the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of *mens rea*." *Colautti v. Franklin*, 439 U.S. 379, 395 (1979). A statute runs afoul of the vagueness doctrine only when "it fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests." *City of Chicago v. Morales*, 527 U.S. 41, 52 (1999) (citing *Kolender v. Lawson*, 461 U.S. 352, 358 (1983)).

The conduct proscribed by Section 622(1) is not simply "disturbing the peace," but rather doing so with loud or unusual noise, tumultuous offensive conduct, or threatening to fight or fighting. V.I. CODE ANN. tit. 14, § 622(1). Loud noise, tumult, and fighting are all concepts familiar to a person of ordinary intelligence.

Further, the coverage of Section 622(1) is not so broad as to invite discriminatory enforcement. Section 622(1) requires that the defendant be found to have acted maliciously and

Charleswell v. People of the Virgin Islands
Crim. App. No. 2006-28
Memorandum Opinion
Page 14

willfully. See V.I. CODE ANN. tit. 14, § 622(1). Such a *mens rea* requirement "relieve[s] the statute of the objection that it punishes without warning an offense of which the accused was unaware." *Colautti*, 479 U.S. at 395.

Charleswell next argues that Section 622(1) unconstitutionally punishes speech, in violation of the First Amendment. A conviction will not be allowed to stand where it curtails First Amendment protected activities and is not based upon any evidence of disorder, threats of violence, or riot. *See, e.g., Feiner v. New York*, 340 U.S. 315 (1951); *Terminiello v. Chicago*, 337 U.S. 1 (1949); *cf. Niemotko v. Maryland*, 340 U.S. 268, 271 (1951) (striking down statute for failure to satisfy the *Terminiello* standard). Section 622(1), however, is targeted exclusively at disorder, threats, violence, or riot. Indeed, Section 622(1) is not directed at speech, but merely disruptive conduct; and it does not address the content or message behind the conduct it seeks to proscribe.

We cannot say that Section 622(1) lacks a plainly legitimate sweep. It is apparent that Section 622(1) criminalizes much conduct, such as Charleswell's, that has no First Amendment protection or indeed does not even rise to the level of expressive conduct. We likewise cannot say that Section 622(1) is overbroad, as the statutory language very clearly limits its scope to conduct that could give rise to violence or

Case: 3:06-cr-00028-CRA-GWB Document #: 21 Filed: 01/05/13 Page 15 of 16

Charleswell v. People of the Virgin Islands
Crim. App. No. 2006-28
Memorandum Opinion
Page 15

disorder. Thus, Charleswell has failed to satisfy his heavy burden to show that Section 622(1) is unconstitutional on its face.

Charleswell also challenges the statute's constitutionality as applied to his conduct in this case. However, as discussed above, Charleswell's conduct in this case does not fall within the realm, however broad, of "protected speech." Charleswell, in addition to screaming and shouting at Francis, accompanied this speech with physical violence against Francis. These were violent acts, and acts likely to produce violence in others, and therefore unprotected. *See Cantwell v. Connecticut*, 310 U.S. 296, 308 (finding that violent acts and acts likely to produce violence in others were not sanctioned by the First Amendment). As such, his challenge on this basis must fail as well.

### C. Judgment of Acquittal

Finally, Charleswell challenges the Superior Court's denial of his motion for acquittal. He does this by arguing the sufficiency of evidence as to his convictions under Section 298(5). Because we find that the statute is unconstitutional, we do not need to reach this issue.

Charleswell failed to raise the issue of whether there was sufficient evidence for his conviction under Section 622(1). A

Case: 3:06-cr-00028-CRA-GWB Document #: 21 Filed: 01/05/13 Page 16 of 16

Charleswell v. People of the Virgin Islands
Crim. App. No. 2006-28
Memorandum Opinion
Page 16

"passing reference to an issue in a brief will not suffice to bring that issue before this court on appeal." *Simmons v. Philadelphia*, 947 F.2d 1042, 1066 (3d Cir. 1991). This includes instances where the general theory was identified, but the specific theory was not. *Id.* In the instant appeal, Charleswell's brief identifies that he objects to the lower court's denial of his motions for acquittal. It then goes on to state only the specific theory that there was insufficient evidence to find that Charleswell had violated Section 298(5). As such, the specific theory that there was insufficient evidence for Charleswell's conviction under Section 622(1) is not before this Court.

## IV. CONCLUSION

For the reasons discussed above, we will affirm Charleswell's conviction under Section 622(1). As to Section 298(5), we will vacate the conviction and sentence imposed and remand this case to the Superior Court with instructions to impose a conviction and sentence that reflects the lesser-included offense of simple assault and battery, unattended by any circumstance of aggravation. An appropriate judgment follows.